IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ST. THOMAS GROUP, INC., and VITALY EKWEN,<br><br>Plaintiffs,<br><br>vs.<br><br>PATRICK BENSON, and JARED R. DEAN,<br><br>Defendants. | 8:24CV331<br><br>**FINDINGS AND RECOMMENDATION** |

On January 2, 2025, the Court entered an order, Filing No. 40, requiring Plaintiffs to show cause on or before January 30, 2025 why the claims against Defendants Patrick Benson and/or Jared R. Dean should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution.

Plaintiffs subsequently filed a notice of an interlocutory appeal of the Court's order, Filing No. 41, dismissing Defendants Bellevue Police Department, Captain Jay Kirwan, Douglas County, City of Omaha, Scott Lane, Steve Anderson, Kevin Mulcahy, Tyler Dewaele, Michael Champion, Mayor Jean Stothert, Tyler Hiipakka, and the Omaha Police Department (the "dismissed defendants"). The filing of the notice of the interlocutory appeal pertaining to the dismissed defendants does not divest the Court of jurisdiction over Benson and Dean. *See Chambers v. Pennycook*, 641 F.3d 898, 903–04 (8th Cir. 2011) (alteration in original) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)) (district court did not err in ruling on summary judgment motion while interlocutory appeal was pending because "[t]he filing of a notice of appeal . . . confers

jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal*.").

Plaintiffs did not comply or explain why they did not comply with the Court's order to show cause as to why the Court should not dismiss Benson and/or Dean.

Accordingly,

IT IS RECOMMENDED to the Honorable Robert F. Rossiter, Jr., Chief United States District Judge, pursuant to 28 U.S.C. § 636(b), that Plaintiffs' claims against Benson and Dean be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution without further notice.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this Court may be held to be a waiver of any right to appeal the Court's adoption of the recommendation.

Dated this 13th day of February, 2025.

BY THE COURT:

s/ Jacqueline M. DeLuca

United States Magistrate Judge