IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ST. THOMAS GROUP, INC. and VITALY EKWEN,<br><br>            Plaintiffs,<br><br>     v.<br><br>PATRICK BENSON and JARED R. DEAN,<br><br>            Defendants. | 8:24CV331<br><br>ORDER |

Plaintiffs St. Thomas Group, Inc. and Vitaly Ekwen (together, the "plaintiffs") brought this lawsuit (Filing No. 1) in August 2024, alleging violations of their rights to equal protection and due process under the United States and Nebraska Constitutions. On January 6, 2025, the Court dismissed (Filing No. 41) the plaintiffs' claims against defendants City of Omaha, Scott Lane, Steve Anderson, Kevin Mulcahy, Tyler Dewaele, Michael Champion, Mayor Jean Stothert, County of Douglas, Tyler Hiipakka, Omaha Police Department, Bellevue Police Department, and Captain Jay Kirwan on their various motions under Federal Rule of Civil Procedure 12(b) (Filing Nos. 23, 29, 32).

Meanwhile, the magistrate judge[1] entered a Show Cause Order (Filing No. 40) noting the plaintiffs' failure to file proof that defendants Patrick Benson ("Benson") and Jared R. Dean ("Dean") were properly served. *See* Fed. R. Civ. P. 4(*l*) (stating that "[u]nless service is waived, proof of service must be made to the court"). She ordered the plaintiffs to show cause why their claims against Benson and Dean should not be dismissed pursuant to Rule 4(m) or for want of prosecution. *See* Fed. R. Civ. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant");

---

[1]The Honorable Jacqueline M. DeLuca, United States Magistrate Judge for the District of Nebraska.

*Bergstrom v. Frascone*, 744 F.3d 571, 574 (8th Cir. 2014) ("A district court may dismiss a cause of action with prejudice 'for failure of a plaintiff to prosecute or comply with [the Federal Rules] or any court order.'" (quoting Fed. R. Civ. P. 41(b))). The plaintiffs were given until January 30, 2025, to respond appropriately and were warned that their failure to "comply with [that] order may result in dismissal of the[ir] claims . . . without further notice." As is par for the course in this case, the plaintiffs failed to respond.

Now before the Court is the magistrate judge's Findings and Recommendation (Filing No. 44) filed on February 13, 2025. Given their failure to comply with the Show Cause Order, the magistrate judge recommends the Court dismiss the plaintiffs' claims against Benson and Dean pursuant to Rule 4(m) or for want of prosecution.[2] She further informed the parties that "failing to file an objection to this recommendation . . . may be held to be a waiver of any right to appeal the Court's adoption of the recommendation."

The plaintiffs have not filed any objections to the magistrate judge's Findings and Recommendation. The time to do so has passed. *See* NECivR 72.2(a) (giving a party fourteen days to object to a magistrate judge's findings and recommendation).

Under § 636(b)(1), the Court must "make a de novo review of" any "proposed findings or recommendations to which objection is made." Absent objection, however, further review is unnecessary. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009) ("[T]he failure to file objections eliminates not only the need for de novo review, but *any* review by the district court."); *see also* Fed. R. Civ. P. 72(b); NECivR 72.2.

---

[2]On February 2, 2025, the plaintiffs filed a Notice of Appeal (Filing No. 42) asserting the Court erred in granting the partial dismissal of their claims. The Court agrees with the magistrate judge that the pending appeal does not deprive the Court of jurisdiction to consider this limited matter. *See United States v. Queen*, 433 F.3d 1076, 1077-78 (8th Cir. 2006) (per curiam) (explaining "a notice of appeal only divests the lower court of jurisdiction over aspects of the case that are the subject of the appeal" and that district courts "retain jurisdiction to enforce their orders when the same issues are not simultaneously before the district court and appellate court").

The plaintiffs have repeatedly received notice of their procedural failures and had every opportunity to cure those issues, offer explanations, or otherwise respond. Time and again, they have refused to even acknowledge the Court's warnings. In light of the lack of objections and the plaintiffs' pattern of failing to comply with the Court's orders and the rules governing this matter, the plaintiffs' claims against Benson and Dean are dismissed with prejudice for lack of prosecution. *See DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (explaining that dismissal with prejudice was appropriate in cases where "there was an ongoing pattern of delay, a persistent failure to prosecute, or a disobedience of court orders on the part of the plaintiff"); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983) ("The district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for failure to prosecute.").

Therefore,

IT IS ORDERED:

1. The magistrate judge's Findings and Recommendation (Filing No. 44) is accepted. Any objections are deemed waived.
2. Plaintiffs St. Thomas Group, Inc. and Vitaly Ekwen's claims against defendants Patrick Benson and Jared R. Dean (Filing No. 1) are dismissed with prejudice.
3. A separate judgment will issue.

Dated this 6th day of March 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge